UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN BROWN, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-01864-SRC |
| | ) |
| ADAMS & ASSOCIATES, INC., et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on [29] Defendants' Motion for Separate Trials. The Court denies the Motion.

**I.    BACKGROUND**

This employment discrimination case involves allegations of sexual harassment and retaliation. Plaintiffs Marilyn Brown, Tambra Cross, and Lashante' Wade each allege that Defendant Adams & Associates, Inc. terminated their employment after they reported sexual harassment by Defendant Timothy Chambers. Adams & Associates operates the St. Louis Job Corps, where all Plaintiffs were formerly employed. Chambers is the St. Louis Job Corps Center Director.

Defendants move the Court under Rules 20 and 42(b) of the Federal Rules of Civil Procedure to order separate trials of each Plaintiff's claims.

**II.    STANDARD**

Federal Rule of Civil Procedure 20(a) governs the permissive joinder of parties into an action. Rule 20(a) provides that parties may be joined as plaintiffs in an action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

1

occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Proc. 20(a). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332–33 (8th Cir. 1974) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)).

Accordingly, The Eighth Circuit employs a very broad definition of "transaction" as that term is used in Rule 20: "Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* at 1333. Hence, Rule 20 permits all "reasonably related" claims to be tried in a single proceeding. *Id.* "Absolute identify of all events is unnecessary." *Id.*

Joinder of parties under Rule 20(a) is not an absolute right, however. Under Rules 20(b) and 42(b), a court has discretion to order separate trials or make other orders to prevent delay or prejudice. *Mosely*, 497 F.2d at 1332.

### III.    DISCUSSION

Defendants argue that Plaintiffs' claims should be severed for separate trials because "there is no set of common facts pertaining to all of the Plaintiffs" and because Plaintiffs' claims "do not arise out of the same transaction or occurrence." Doc. 29 at ¶ 3; Doc. 34 at 1. The Court disagrees. Defendants raised similar arguments in a motion to sever filed in the state court before this case was removed. Doc 31-2 (*Brown v. Adams & Associates*, Cause No. 1222-CC11604 (Circuit Court of St. Louis City, Missouri) (Order dated June 20, 2019)). The state court found that Plaintiffs' claims were "connected with a common core" and shared "common questions of law and fact":

2

> [Brown, Cross, and Wade's] claims all relate to Chambers sexually harassing them or others, then being terminated for complaining.  The Court finds that [Brown, Cross, and Wade's] claims arise out of conduct connected with a common core in that as alleged when a woman complains about Chambers sexually harassing someone, [Adams & Associates] and/or Chambers allegedly retaliate against the complainant.  The Court finds that there are common questions of law and fact that will arise in this action regarding the injuries sustained by [Brown, Cross, and Wade] and their cause.

Doc. 31-2 at 4.  This Court agrees.  The Court finds that Plaintiffs' claims share at least one common question of law and fact.  The Court further finds that Plaintiffs' claims are "reasonably related" and arise from the same series of transactions or occurrences.  *Mosley*, 497 F.2d at 1333.  Thus, the requirements for permissive joinder under Rule 20(a) are satisfied.

Defendants further argue that, even if the requirements for joinder are met under Rule 20(a), the Court should exercise its discretion under Rules 20(b) and 42(b) to sever Plaintiffs' claims for trial to avoid prejudice and jury confusion.  Doc. 30 at 4.  Rule 20(b) permits a district court to order separate trials "to protect a party against embarrassment, delay, expense, or other prejudice".  Fed. R. Civ. Proc. 20(b).  Rule 42(b) allows the court to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize".  Fed. R. Civ. Proc. 42(b).  Both rules are permissive.  They provide that a district court *may* order separate trials for the enumerated reasons, rather than prescribing that they must.  "In this manner, the scope of the civil action is made a matter for the discretion of the district court, and a determination on the question of joinder of parties will be reversed on appeal only upon a showing of abuse of that discretion."  *Mosley*, 497 F.2d at 1332 (*Chicago, R.I. & P.R.R. v. Williams*, 245 F.2d 397, 404 (8th Cir. 1957)).

Defendants argue that the "differences between Plaintiffs' claims are significant and create the threat of real jury confusion" if a single jury hears evidence specific to each Plaintiff's individualized claim.  Doc. 34 at 4.  The Court disagrees.  Although Brown, Cross, and Wade

3

had different job titles, they all allege that Adams & Associates terminated them in retaliation for reporting sexual harassment by Chambers.  Thus, each Plaintiff's individual evidence is also probative of Plaintiffs' common allegation that Adams & Associates has a "history of firing employees at the St. Louis Job Corps to retaliate against them."  Doc. 8 at ¶ 11.  *See Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 424 (8th Cir. 2017) (me-too evidence "should normally be freely admitted at trial because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination.") (internal quotations omitted).  The Court is confident that issues of proof pertaining to Plaintiffs' individualized claims can be adequately addressed by appropriate jury instructions.

Accordingly,

**IT IS HEREBY ORDERED** that [29] Defendants' Motion for Separate Trials is denied.  So Ordered this 8th day of May, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**