**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARILYN BROWN, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-01864-SRC |
| ) | |
| ADAMS & ASSOCIATES, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**Memorandum and Order**

This matter comes before the Court on [54] Defendants' Motion for Leave to file an amended Answer to Plaintiffs' Complaint. The Court denies the motion, as set forth in detail below.

Under Rule 15(a)(2), Defendants may only amend their Answer "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Defendants move to amend their pleadings after the Case Management Order deadline (Doc. 14), leave to amend will only be granted upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005)). Here, the Court finds that Defendants unduly delayed in seeking this amendment and that the amendment would unduly prejudice Plaintiffs.

1

Defendants seek to add the following affirmative defense to their Answer: "Any recovery by Plaintiffs are barred, in whole, or in part, by the doctrine of after-acquired evidence." Doc. 54-1. The doctrine of after-acquired evidence applies when "(1) an employee is discharged for an allegedly-unlawful reason and (2) the employer later learns of other misconduct that, by itself, would have resulted in discharge had it come to the employer's attention." *Scott v. City of Sioux City, Iowa*, 23 F. Supp. 3d 1017, 1022–23 (N.D. Iowa 2014) (citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995)). Defendants allege that they discovered, during the deposition of former Adams & Associates employee Crystal Heimback on May 21, 2020, that Plaintiff LaShante Wade engaged in fraudulent behavior in 2017 that would have resulted in her termination, had Defendants been aware of it at the time. However, Defendants admit that Heimback learned of Wade's allegedly fraudulent activity in 2017, while still employed by Adams & Associates, *and nearly three years before the present motion to amend*.

In 2017, Heimback was employed as the OA/CTS Director at the St. Louis Job Corps Center, operated by Adams & Associates. Doc. 61-3. OA/CTS Director is a managerial position at the St. Louis Job Corps Center, and Heimback was Wade's direct supervisor at Adams & Associates until Wade's termination. Adams & Associates terminated Wade's employment in August 2017. Doc. 61-1. During her deposition, Heimback testified that while investigating another employee in late August or early September 2017, she learned about Wade's involvement in the allegedly-fraudulent activity. Doc. 55-1. Heimback reported the employee's involvement in the alleged fraud to Adams & Associates human resources department at that time. *Id.* Defendants argue that they were diligent in bringing this amendment because Heimback "did not discuss Plaintiff Wade's involvement in the fraudulent activity with Adams' corporate or legal departments." Doc. 63 at 2.

"[U]nder the well-established rules of agency, the knowledge of [a corporate entity's] agents obtained in the course of their employment is imputed to the corporation.'" *Cromeans v. Morgan Keegan & Co.*, 69 F. Supp. 3d 934, 939 (W.D. Mo. 2014) (quoting *Wandersee v. BP Products North America, Inc.*, 263 S.W.3d 623, 629 (Mo. 2008). Defendants do not argue that Heimback learned of Wade's alleged fraud outside the scope of her employment. Accordingly, Defendant Adams & Associates had constructive knowledge of Wade's alleged fraud in 2017. Defendants did not seek leave to amend their Answer until June 12, 2020, almost three years after this information was known to the company, 8 months after the deadline for amending the pleadings, and 14 days after the close of discovery.

Not only did Defendants unduly delay in seeking this amendment, but the amendment would unfairly prejudice Plaintiffs. Discovery is closed. Plaintiffs had no opportunity to seek discovery regarding the proposed after-acquired evidence defense. For example, after-acquired evidence may only limit a plaintiff's recovery where the defendant "first establish[es] that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362–63. Plaintiffs had no opportunity to seek discovery relevant to the issue of whether Adams & Associates would actually have terminated Wade for the allegedly fraudulent activity. Accordingly, permitting this amendment would unduly prejudice Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that [54] Defendants' Motion for Leave to Amend is DENIED.

So Ordered this 14th day of July, 2020.

                                                    **STEPHEN R. CLARK**
                                                    **UNITED STATES DISTRICT JUDGE**